UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN DOE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. |
| | : | |
| SALVE REGINA UNIVERSITY, | : | |
|     Defendant. | : | **JURY DEMAND** |

# COMPLAINT

## Parties

1. Plaintiff, John Doe ("Plaintiff"), is a resident of Hopatcong, New Jersey.

2. Defendant, Salve Regina University ("Salve"), is a non-profit corporation duly formed and existing under the laws of the State of Rhode Island with a principal place of business located at 100 Ochre Point Avenue, Newport, Rhode Island.

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 in that the parties are citizens of different states and the amount in controversy exceeds $75,000.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the acts and omissions giving rise to these claims occurred in this district.

## Statement of Facts

5. In or about August 2018, Plaintiff began his senior year at Salve.

6. Plaintiff is scheduled to graduate in May 2019.

7. On March 29, 2019, J. Malcolm Smith, Salve's Dean of Students and Title IX Coordinator ("Dean Smith") sent Plaintiff a Notice of Investigation & Charge (the "Notice").

1

8. The Notice states that another student (the "Complainant") alleged Plaintiff sexually assaulted her on March 25, 2019 (the "Complaint") and that a sexual misconduct investigation process had been initiated against Plaintiff for allegedly violating #2 of the sexual misconduct policy in the Student Code of Conduct (the "Code of Conduct").

9. The Complainant alleges that Plaintiff raped her and put his hands around her throat and choked her to the point where she could not breath.

10. The Code of Conduct provides in pertinent part as follows:

> Actions/behaviors for which students are subject to disciplinary action include, but are not limited to the following:
>
> \* \* \* \*
>
> 2 – Violation of the Sexual Misconduct Policy
> Including but not limited to, sexual harassment, sexual assault, sexual exploitation, gender-based harassment, stalking, dating violence, domestic violence and retaliation.
> Note: If a student is charged with this violation, the adjudication process will follow the procedure listed in the Sexual Misconduct Policy which begins on page 39.

11. The Sexual Misconduct Policy provides for a fundamentally flawed and seriously defective investigation and adjudication procedure. The procedure provides for the investigation to be performed by two investigators who then act as the prosecutors, judge, and jury.

12. The Sexual Misconduct Policy provides in pertinent part as follows:

> All reports will be taken seriously and investigated and addressed in a timely fashion. Every reasonable effort will be made to preserve the privacy of all parties to the extent that the investigation allows. Only relevant information will be disclosed to those people with a need for information regarding the investigation. The case will be assigned to 2 investigators. The investigation may include, but is not limited to:
>
> \* \* \* \*
>
> - There is no right for any student to confront the complainant or the respondent or to be present at the same time.

- The investigators determine the relevancy of what information is included in the report.
- The complainant and the respondent will have the opportunity to read/review/respond and ask clarifying questions of/to the investigative report.

\* \* \* \*

- Copies of the final investigative report are not given to the complainant or respondent; they can view it and take notes, but copies or photographs are not allowed.  The final report can also be viewed by the advisor of their choice (of the respondent/complainant).
- When the investigation is completed, the investigators will determine, based on the preponderance of the evidence, if a violation of the sexual misconduct policy and/or student code of conduct has occurred.

\* \* \* \*

- In certain cases and circumstances, the University reserves the right to use external investigators.

See <u>Exhibit A</u>.

13. Pursuant to the Sexual Misconduct Policy, "individuals found responsible for violations of the nonconsensual sexual intercourse policy fac[e] a sanction of University suspension or University expulsion" and "deviations from suspension or expulsion are rare."

14. Salve appointed Johanna Mancivalano, Director of Conferences and Events and James Mournighan, Director of Residence Life and Off Campus Housing as the investigators (the "Investigators") to conduct the investigation into the Complaint.

15. On March 30, 2019, Plaintiff's advisor, John Grasso, Esq. ("Attorney Grasso") sent a letter to Dean Smith requesting that Salve conduct a live hearing with witnesses before a panel of neutral participants rather than having the Investigators determine whether Plaintiff violated the Code of Conduct without a hearing.

16. Dean Smith has not responded to Attorney Grasso's request.

17. The Investigators completed the report regarding their investigation into the Complaint (the "Report").

18. On April 22, 2019, Attorney Grasso sent a letter to Dean Smith requesting that Salve provide Plaintiff and Complainant with a copy of the Report.

19. On April 22, 2019, Dean Smith denied Attorney Grasso's request to receive a copy of the Report.

20. On or about April 23, 2019, Salve allowed Attorney Grasso to review the Report and take notes.

21. The Complainant identified three witnesses to support her allegations against Plaintiff including Witness 3.

22. According to the Report, the following events occurred on March 25, 2019 immediately after the alleged rape:

    a. Complainant asked Plaintiff to drive her home.

    b. Complainant went for a jog by herself.

    c. Complainant Facetimed Witness 3 and did not tell him about the alleged rape.

    d. Complainant went to Witness 3's house and again did not tell Witness 3 about the alleged rape.

    e. Complainant went back to her house and told her roommate about the alleged rape.

    f. Complainant called Witness 3 to tell him she was raped earlier that evening.

23. The Report did not set forth an explanation as to why Complainant did not tell Witness 3 that she was raped when she saw him on the evening of March 25, 2019.

24. Plaintiff requested that the Investigators obtain proof that Complainant Facetimed Witness 3 on the evening of March 25th to corroborate Complainant's version of events.

25. The Investigators told Plaintiff they would consider his request, but have otherwise not responded to Plaintiff's request.

26. Upon information and belief, at all relevant times, Witness 3 has been an employee of Salve.

27. Salve "prohibits consensual romantic and/or sexual relationships between employees and undergraduate students."

28. At all relevant times, Complainant has been an undergraduate student at Salve.

29. Upon information and belief, at all relevant times including on March 25, 2019, Witness 3 has been engaged in a romantic relationship with Complainant.

30. On April 27, 2019, Attorney Grasso sent a letter to Dean Smith again expressing his concern about being denied a copy of the Report also raising issues about the substance of the Report including the Complainant's relationship with Witness 3 and the Investigators' failure to investigate the relationship.

31. Attorney Grasso requested in his April 27, 2019 letter that Salve suspend the adjudication of the Complaint and assign the investigation to an external investigator with investigation experience.

32. On April 28, 2019, Attorney Grasso sent a letter to Dean Smith with a recent photograph of Complainant and Witness 3 stating "[h]aving made at least some connection between the complaining student and one of her witnesses, it was incumbent upon [the

Investigators] to determine the extent of their relationship and to report that information to the respondent."

33. Dean Smith has not responded to Attorney Grasso's April 27, 2019 and April 28, 2019 letters.

34. Dean Smith has determined that Plaintiff has until Sunday, May 5, 2019 to respond to the Report and then the Investigators will prepare a final report and determine whether Plaintiff sexually assaulted Complainant in violation of the Code of Conduct.

## COUNT I
## Breach of Contract

35. The prior paragraphs are incorporated herein by reference as if set forth in their entirety.

36. Salve breached the Code of Conduct and Sexual Misconduct Policy by, among other things, (i) imposing a fundamentally unfair investigative process, (ii) failing to conduct a meaningful investigation, much less a fair investigation, (iii) denying Plaintiff's request for an external investigator or at least a trained investigator, (iv) denying Plaintiff's request for a copy of the Report, (v) implementing a system that has the investigators acting as investigator, prosecutor, judge, and jury, (vi) denying Plaintiff's request for a hearing before a neutral panel, (vii) denying Plaintiff the opportunity to cross-examine Complainant and her witnesses, (viii) failing to investigate the relationship between Complainant and her key witness, Witness 3, and (ix) denying Plaintiff due process.

37. Plaintiff fulfilled all of his obligations under the Code of Conduct and Sexual Misconduct Policy or was otherwise excused from doing so under the circumstances.

38. As a proximate result of Salve's breach, Plaintiff will incur substantial damages and will be irreparably harmed if the Investigators determine Plaintiff violated the Sexual Misconduct Policy.

## COUNT II
### Negligence

39. The prior paragraphs are incorporated herein by reference as if set forth in their entirety.

40. At all relevant times, Salve owed a duty of care to Plaintiff as a student to conduct a reasonable and fair investigation into the Complaint.

41. Salve disregarded its duty by, among other things, failing to (i) provide Plaintiff with a copy of the Report, (ii) appoint Investigators with training in or experience with investigating serious sexual assault allegations, (iii) appoint an external investigator as requested by Plaintiff, (iv) investigate the relationship between Complainant and her key witness, Witness 3, (v) have a hearing before a neutral panel, (vi) allow Plaintiff to cross-examine Complainant and her witnesses, (vii) conduct a reasonable and fair investigation into the Complaint, and/or (viii) otherwise exercise due care under the circumstances.

42. Plaintiff acted with due care under the circumstances at all times.

43. As a proximate result of Salve's negligence, Plaintiff will incur substantial damages and will be irreparably harmed if the Investigators determine Plaintiff violated the Sexual Misconduct Policy.

## COUNT III
### Injunctive Relief

44. The prior paragraphs are incorporated herein by reference as if set forth in their entirety.

45. As a matter of equity, this Court should temporarily restrain and preliminarily and permanently enjoin Salve from having the Investigators complete the final report and make a determination as to whether Plaintiff violated the Code of Conduct.

46. As a matter of equity, this Court should order Salve to (i) engage an external investigator or someone with training and/or experience to investigate the Complaint, (ii) produce a copy of the Report to Plaintiff, (iii) allow Plaintiff the opportunity for a hearing, (iv) allow Plaintiff the opportunity to cross-examine Complainant and her witnesses, and (v) have neutral third-parties other than the Investigators determine whether Plaintiff violated the Code of Conduct.

**WHEREFORE**, Plaintiff prays that a judgment for the following relief be entered in his favor and against Defendant:

(a) for compensatory damages to be determined by the trier of fact at trial;

(b) for an order preliminarily and permanently enjoining Salve from having the Investigators complete the final report and make a determination as to whether Plaintiff violated the Code of Conduct and ordering Salve to (i) engage an external investigator or someone with training and/or experience to investigate the Complaint, (ii) produce a copy of the Report to Plaintiff, (iii) allow Plaintiff the opportunity for a hearing, (iv) allow Plaintiff the opportunity to cross-examine Complainant and her witnesses, and (v) have neutral third-parties other than the Investigators determine whether Plaintiff violated the Code of Conduct.

(c) reasonable attorneys' fees and costs; and

(d) such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE.**

                                        JOHN DOE,
                                        Plaintiff,
                                        By his Attorneys,

                                        /s/ Stephen J. Brouillard
                                        Stephen J. Brouillard, Esq. #6284
                                        Theresa L. Sousa, Esq. #7745
                                        Bianchi Brouillard Sousa & O'Connell, P.C.
                                        56 Pine Street, Suite 250
                                        Providence, RI 02903
                                        (401) 223-2990 *telephone*
                                        (877) 548-4539 *facsimile*
                                        sbrouillard@bbsolaw.com
                                        tsousa@bbsolaw.com

Dated:  May 1, 2019