UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN DOE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 1:19-cv-00232 |
| | : | |
| SALVE REGINA UNIVERSITY, | : | |
|     Defendant. | : | |

**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION**

Plaintiff, John Doe, pursuant to Fed. R. Civ. P. 65, hereby moves this Honorable Court for a temporary restraining order and preliminary injunction against Defendant, Salva Regina University ("Salve") enjoining Salve from having the investigators of the Title IX complaint against Plaintiff complete the final report and make a determination as to whether Plaintiff violated the Code of Conduct under the defective process being implemented and ordering Salve to (i) engage an external investigator or someone with training and/or experience to investigate the Title IX complaint, (ii) produce a copy of the investigative report to Plaintiff, (iii) allow Plaintiff the opportunity for a hearing, (iv) allow Plaintiff the opportunity to cross-examine the complainant and her witnesses, and (v) have neutral third-parties other than the investigators determine whether Plaintiff violated Salve's Code of Conduct.

As grounds for this motion, Plaintiff is a senior at Salve and scheduled to graduate in May 2019.  In March 2019, an undergraduate student at Salve (the "Complainant") made a Title IX complaint against Plaintiff alleging Plaintiff raped her and put his hands around her throat and chocked her to the point where she could not breath (the "Complaint").  Salve initiated an investigation into the Complaint and appointed Johanna Mancivalano, Director of Conferences

1

and Events and James Mournighan, Director of Residence Life and Off Campus Housing as the investigators (the "Investigators") to conduct the investigation. Pursuant to Salve's Sexual Misconduct Policy, the Investigators serve as not only the investigators of the Complaint, but also the prosecutor, judge and jury. The Investigators "determine, based on the preponderance of the evidence, if a violation of the sexual misconduct policy and/or student code of conduct has occurred." (See <u>Exhibit A</u> to Complaint, p. 14).

The Investigators serving as prosecutor, judge and jury is not the only flaw in Salve's investigation and adjudication process. Plaintiff is also denied the right to a hearing and to cross-examine the complainant or her witnesses. Salve refuses to produce Plaintiff with a copy of the investigative report prepared by the Investigators, effectively denying Plaintiff a meaningful opportunity to respond to the report and defend himself prior to the Investigators preparing the final report and making their ultimate determination.

Plaintiff's advisor, John Grasso, Esq. ("Attorney Grasso") has expressed concerns with Salve's process to J. Malcolm Smith, Salve's Dean of Students and Title IX Coordinator ("Dean Smith") since March 30, 2019 – the day after Dean Smith notified Plaintiff of the Complaint. Dean Smith has denied Attorney Grasso's requests for (i) a live hearing with witnesses before a panel of neutral participants, (ii) a copy of the investigative report, and (iii) external investigators. Plaintiff and Attorney Grasso's fear that Salve's flawed investigation and adjudication process would prejudice Plaintiff were realized when they viewed the report and found a fatal flaw in Complainant's story that the Investigators either deliberately ignored or missed due to their lack of experience with investigations.

On April 23, 2019, Salve allowed Plaintiff and Attorney Grasso to <u>view</u> the investigative report. They were not permitted to have or make a copy. According to the report, the following

events occurred on March 25, 2019 immediately after the alleged rape: (i) Complainant asked Plaintiff to drive her home; (ii) Complainant went for a jog by herself; (iii) Complainant Facetimed Witness 3 and did not tell him about the alleged rape; (iv) Complainant went to Witness 3's house and again did not tell Witness 3 about the alleged rape; (v) Complainant went back to her house and told her roommate about the alleged rape; and (vi) Complainant called Witness 3 to tell him she was raped earlier that evening. Witness 3 is a key witness identified by Complainant. The report did not set forth an explanation as to why Complainant did not tell Witness 3 that she was raped when she saw him on the evening of March 25, 2019. Plaintiff requested that the Investigators obtain proof that Complainant Facetimed Witness 3 on the evening of March 25th to corroborate Complainant's version of events. The Investigators told Plaintiff they would consider his request, but have otherwise not responded to Plaintiff's request.

Attorney Grasso expressed concern to Dean Smith about the substance of the investigation relating to Witness 3. Complainant appears to have a romantic relationship with Witness 3 and Witness 3 is also an employee of Salve. Salve's own policy "prohibits consensual romantic and/or sexual relationships between employees and undergraduate students." The investigative report did not mention these important facts nor did the Investigators notify Plaintiff of the inappropriate relationship between Complainant and her key witness. Rather, Attorney Grasso did his own investigation and uncovered the inappropriate relationship and presented those facts and concerns to Dean Smith. Neither Dean Smith nor the Investigators have addressed Complainant's inappropriate relationship with Witness 3.

Dean Smith has determined that Plaintiff has until Sunday, May 5, 2019 to respond to the investigative report. The Investigators will then prepare a final report and determine whether Plaintiff sexually assaulted Complainant in violation of Salve's Code of Conduct. Pursuant to

the Sexual Misconduct Policy, the sanction for this type of conduct would likely be "University suspension or University expulsion" because "deviations from suspension or expulsion are rare." (See <u>Exhibit A</u> to Complaint, p. 15). Plaintiff is scheduled to graduate in a matter of weeks. A determination by the Investigators that Plaintiff sexually assaulted Complainant would prevent Plaintiff from receiving his diploma. It is also a felony that would have grave consequences for Plaintiff's future. There is a great urgency to prevent irreparable harm to Plaintiff caused by Salve's fundamentally flawed and seriously defective investigation and adjudication process.

**WHEREFORE**, Plaintiff requests that his Motion for Temporary Restraining Order and Preliminary Injunction be granted.

Pursuant to LR Cv 7(a)(c), Plaintiff requests an oral argument and evidentiary hearing that Plaintiff estimates will not exceed one day.

JOHN DOE,
Plaintiff,
By his Attorneys,


/s/ Stephen J. Brouillard
Stephen J. Brouillard, Esq. #6284
Theresa L. Sousa, Esq. #7745
Bianchi Brouillard Sousa & O'Connell, P.C.
56 Pine Street, Suite 250
Providence, RI 02903
(401) 223-2990 *telephone*
(877) 548-4539 *facsimile*
sbrouillard@bbsolaw.com
tsousa@bbsolaw.com